In the Matter of NEW YORK STATE LABOR RELATIONS BOARD, Appellant-Respondent, against CHARLES C. LOEHMANN CORPORATION, Respondent-Appellant.

First Department, June 27, 1945.

*William E. Grady, Jr.,* of counsel (*Philip Feldblum* and *Louis E. Goldstein* with him on the brief), for petitioner-appellant and respondent.

*Lester M. Rosenbloom* of counsel (*Rubinton & Coleman,* attorneys), for Charles C. Loehmann Corporation, respondent-appellant.

*Per Curiam.* An examination of the record indicates quite conclusively that the employer Charles C. Loehmann Corporation, through its representatives, was no more responsible for the failure to reach an agreement than were the representatives of the union. It is rather unfortunate that because of the failure to agree upon an adjourned date all bargaining between the parties should have come to an end. We find no substantial evidence in the record to support the board's finding that the employer has refused to bargain collectively in good faith. While the State Labor Relations Act (Labor Law, art. 20) requires an employer to negotiate with the chosen representative of its employees, it does not compel the employer to enter into an agreement or accept conditions which he does not deem to be proper. (*National Labor Relations Board* v. *P. Lorillard Co.,* 117 F. 2d 921; *National Labor Relations Board* v. *Express Pub. Co.,* 111 F. 2d 588.) It may not be said that an employer who refuses to accede to certain terms proposed is bargaining in bad faith, while the agent of his employees, who insists upon their acceptance without question, is bargaining in good faith. The law requires an open mind and good faith on both sides. The underlying purpose is to afford a means whereby the employer and employees may approach their problems under conditions " likely to promote industrial peace and may bring about the adjustments and agreements which the Act in itself does not attempt to compel." (*Labor Board* v. *Jones & Laughlin,* 301 U. S. 1, 45.)

On the part of this employer there should be a willingness to consider in good faith the present standard of living and the salaries or wages paid to employees in similar lines of endeavor. We suggest this in order that there may be a proper disposition of this controversy which may lead to a bona fide agreement. In passing it might be noted that the order here appealed from was entered in July, 1943. Nearly two years had elapsed before the present record on appeal was submitted to us for our consideration.

In the meanwhile, apparently, neither the employer nor the employees have had the benefit of a valid contract covering the differences between the parties.

The order appealed from should therefore be modified by eliminating therefrom that portion of the fourth decretal paragraph designated "(1) * * * (a)", and as so modified affirmed.

MARTIN, P. J., GLENNON, UNTERMYER, COHN and CALLAHAN, JJ., concur.

Order unanimously modified by eliminating therefrom that portion of the fourth decretal paragraph designated "(1) * * * (a)", and as so modified affirmed. Settle order on notice.